UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| LINNELL RICHMOND, JR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 3:23-CV-279-KAC-DCP |
| | ) | 3:95-CR-126-KAC-DCP-3 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Petitioner Linnell Richmond, Jr.'s, pro se "Second-in-Time 2255 Motion" [Doc. 361],[1] which seeks to challenge his 1996 conviction for two counts of aiding and abetting the use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) based on the Supreme Court's holding in *United States v. Davis*, 139 S.Ct. 2319 (2019). For the reasons below, the Court denies Petitioner's Petition.

On November 13, 2020, Petitioner filed a "Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)" [Doc. 313], which counsel supplemented [Doc. 320], arguing, in part, that "Mr. Richmond's conviction in Count Two is invalid in light of *Davis*" [Doc. 320 at 13]. On March 16, 2022, the Court issued an Order [Doc. 338] denying Petitioner's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) [Docs. 313, 320]. The Court based its decision on a consideration of the Section 3553(a) factors and did not reach Petitioner's argument under *Davis* [*See* Doc. 338]. Eleven (11) days later, Petitioner filed a "Notice of Appeal," appealing "the denial of his motion for compassionate release" [See Doc. 341]. On appeal, Petitioner argues that "one of his § 924(c) convictions" is invalidated because "conspiracy to commit Hobbs Act Robbery is

---

[1] All citations refer to Petitioner's criminal case, Case No. 3:95-CR-126-KAC-DCP-3, unless otherwise noted.

not a crime of violence" after *Davis*. *See* Reply Brief at 2, *United States v. Richmond*, No. 22-5236 (6th Cir. July 27, 2023).

"A notice of appeal 'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *United States v. DeLong*, No. 21-3255, 2022 WL 816957, *5 (6th Cir. Jan. 24, 2022) (quoting *United States v. Carman*, 933 F.3d 614, 617 (6th Cir. 2019)). "When an appeal is pending, a district court may act to 'aid in the appellate process' but not 'alter the case on appeal.'" *Id.* (quoting *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 459 U.S. 56, 58 (1982)). Under Federal Rule of Criminal Procedure 37(a), "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending," the court may "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). Here, because the Court's Order regarding Petitioner's motion for compassionate release is on appeal to the Sixth Circuit and Petitioner appealed the precise issue he asks the Court to address in the instant "Second-in-Time 2255 Motion" [Doc. 341] the Court lacks authority to grant Petitioner's "Second-in-Time 2255 Motion." *See DeLong*, 2022 WL 816957 at *5. Further, dismissing a count of conviction, as Petitioner requests in his Motion, would significantly alter the case on appeal [*See* Doc. 361]. It is, therefore, prudent for the Court to deny Petitioner's "Second-in-Time 2255 Motion."

Accordingly, the Court **DENIES** Petitioner's "Second-in-Time 2255 Motion" [Doc. 361] and **DISMISSES** Petitioner's civil action, Case No. 3:23-cv-279-KAC-DCP.

IT IS SO ORDERED.

                                                s/Katherine A. Crytzer
                                                KATHERINE A. CRYTZER
                                                United States District Judge